23695. AERONAUTICAL CORPORATION OF AMERICA *v.*
FRANKLIN MOTOR-CAR COMPANY.

DECIDED SEPTEMBER 22, 1934.

*Alston, Alston, Foster & Moise, William Hart Sibley,* for plaintiff in error.

*James D. Childs,* contra.

STEPHENS, J. The Franklin Motor-Car Company sued the Aeronautical Corporation of America, to recover $300, which represented a sum that the plaintiff had deposited with the defendant to be credited to the plaintiff as provided in the terms of a purported contract between the parties.

It appears, from the allegations of the petition, that the plaintiff and the defendant executed a writing which purported to be a contract between the defendant as a manufacturer of aeroplanes, and the plaintiff as the "distributor," to sell the defendant's products,

and in which it was provided that the plaintiff, as the distributor, is given the right to sell and distribute the defendant's products, for a period of time, within designated territory, and that the manufacturer would sell to the distributor such aeroplane parts as the manufacturer might deem advisable, for which "franchise and contract" the distributor pays to the manufacturer $500, the receipt of which is acknowledged, and that the distributor agrees to take, during the term of the contract, five aeroplanes, and "herewith places an order for five Aeronca aeroplanes at the list prices prevailing" at the time specified in the contract for the delivery of the aeroplanes to the distributor, and that when each aeroplane is "taken" the distributor is to be entitled to a credit of $100 on the purchase-price, and that where the distributor, without fault of the manufacturer, fails to "take" "any part" of the aeroplanes during the term of the contract, and as provided in the contract for deliveries, the manufacturer is entitled to retain the portion of the sum paid which is not credited to the distributor as provided, that the manufacturer reserves the right, "before the order is accepted, to change its list price, and also to discontinue the manufacture of any of the models now made or hereafter made." The manufacturer does not in the contract obligate itself to deliver to the distributor the aeroplanes ordered by the distributor in the contract.

It is further alleged that, during the term of the contract, the plaintiff ordered from the defendant two aeroplanes on which the plaintiff was credited on the purchase-price with $200 of the $500 which the plaintiff had deposited with the defendant at the time of the execution of the alleged contract, and that no other aeroplanes had been ordered or specified by the plaintiff during the term of the contract, that it was contemplated by the parties to the alleged contract, at the time of its execution, that the plaintiff would specify and order for resale particular types, models, and sizes of aeroplanes which were manufactured by the defendant in accordance with orders from the plaintiff's customers, that the defendant at the time of the execution of the alleged contract, and during the term thereof, was engaged in manufacturing different models of Aeronca aeroplanes, each model being of a different size, type, and price, and that the defendant has $300 of the money which the plaintiff deposited with the defendant.

This alleged contract, as was held by the Supreme Court in

*Overland Southern Motor-Car Co.* v. *Hill,* 145 *Ga.* 785 (89 S. E. 833), in construing a similar contract, did not bind the buyer "to specify, at all events," aeroplanes to be delivered, but "the agreement contemplated purchase for resale, and is to be construed as intending that [aeroplanes] would be specified only when the buyer should ascertain the type and style" of aeroplane which the "customer desired to purchase." In the absence of such specifications by the distributor, there arose no contract between the parties for the sale of the undelivered aeroplanes. The money paid to the defendant was paid only on the purchase-money of aeroplanes which the plaintiff might specify and order. There was no valid offer or contract of sale as to the aeroplanes; and where, before the expiration of the term of the alleged contract, no aeroplanes had been specified or delivered to the plaintiff, the money so deposited was held by the defendant without consideration, and the plaintiff was entitled to recover it. The case of *Buick Motor Co.* v. *Thompson,* 138 *Ga.* 282 (75 S. E. 354), is distinguishable. In that case it was held that the manufacturer was liable for a failure to deliver to the distributor automobiles which the distributor had ordered under a contract between them which had arisen by the distributor's acceptance of the manufacturer's offer to deliver automobiles which the distributor might order. In that case the manufacturer had breached a contract which obligated it to deliver, whereas in the present case the contract did not obligate the manufacturer to deliver until the distributor had specified the style and model of aeroplanes, which the distributor did not do.

The petition set out a cause of action, and the demurrer was properly overruled.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*